**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Pedro COTA–RUBALCABA,**
**Defendant-Appellant.**

**No. 24997.**

United States Court of Appeals,
Ninth Circuit.

Sept. 21, 1970.

Victor Lazcano (argued), Louis V. Vasquez, Rudolph E. Vasquez, San Francisco, Cal., for appellant.

Charles J. Fanning (argued), Asst. U. S. Atty., Harry D. Steward, San Diego, Cal., for appellee.

Before DUNIWAY and CARTER, Circuit Judges, and SWEIGERT,* District Judge.

---

* Honorable William T. Sweigert, United States District Judge for the Northern District of California, sitting by designation.

**638**

PER CURIAM:

Appellant, together with Enrique Sandez Cadena and Veronica Garcia-Morales, were indicted and charged in two counts, (1) importing heroin and cocaine in violation of 21 U.S.C. § 174, and (2) smuggling merchandise, to-wit pills, in violation of 18 U.S.C. § 545. The government severed the woman, Garcia and used her as a witness. The appellant and Cadena were convicted and sentenced on each count.

The contraband was seized in a car at the border crossing at Tecate, Mexico. Garcia-Morales testified that as she and the two men neared the border, appellant directed her to get out of the car and jump the line with him into the United States; that appellant turned over the car in which the contraband was found to Cadena, who was to be paid $60.00 to drive the car into the United States; and that appellant and Garcia were thereafter to be picked up at a designated place in the United States near the border.

 The trial court permitted a joint trial of appellant and Cadena upon the Government's representation that, consistent with Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), it would not use Cadena's post arrest statement at the joint trial. Appellant contends that because Cadena testified at the trial and claimed no knowledge of the hidden contraband that the rule of *Bruton* was violated. Appellant further contends that he was then required to take the witness stand in his own defense and was thereafter subjected to extensive cross-examination, to his prejudice.

No post-arrest statements of Cadena were offered in evidence. *Bruton,* supra, does not apply. The joinder of defendants, charged with the same offense, is provided for in Rule 8(b) F.R.Crim.P. Whether or not a severance should be granted rests in the sound discretion of the trial court.

The situation presented is a commonplace one, where two or more defendants on trial, each attempt to place responsibility on another defendant. The incriminating evidence, in the main, came from Garcia-Morales, who placed appellant in control of the vehicle with its hidden contraband just before the vehicle was turned over to Cadena to drive across the border. There was no abuse of discretion and no error.

 Appellant claims error in the admission of evidence. Cadena testified he had known appellant for sixteen years. On cross examination he was asked if he had known of appellant's prior smuggling conviction, evidence which had been previously introduced into the record. The only objection to the question was made by counsel for Cadena. Appellant's counsel not only did not object, but he expressly advised the court he intended to ask the same question of Cadena. Thereupon the court allowed the question to be answered. There was no error.

Appellant's further contention, that the Government failed to establish a prima facie case, is frivolous.

The judgment of conviction is affirmed.